ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

AUG 28 2009

JAMES N. HATTEN, Clerk
By White, Deputy Clerk

BBM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| HDI-GERLING AMERICA INSURANCE COMPANY, successor in interest to GERLING AMERICA INSURANCE COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> MORRISON HOMES, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No.: 1:09-CV-2364 |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, HDI-Gerling America Insurance Company, successor in interest to Gerling America Insurance Company files this Declaratory Judgment action and alleges as follows:

### Introduction

1. This is an action for Declaratory Judgment pursuant to 28 U.S.C. § 2201 to determine and resolve questions of actual controversy involving a commercial general liability policy that was issued by Gerling America Insurance Company to Morrison Homes, Inc. ("Morrison Homes" or "Defendant").

2. Plaintiff seeks a declaration that it has no duty to defend, indemnify or otherwise pay Morrison Homes, in any form, in connection with the lawsuit filed

in the Superior Court of California, County of Stanislaus, styled *Nicky Rosa, et. al., representatives and plaintiffs vs. Morrison Homes, Inc., et al, defendants*, Case No. 373059 (the "*Rosa* Litigation"). A copy of the First Amended Class Action Complaint filed in the *Rosa* Litigation is attached hereto as Exhibit "A."

### The Parties

3.  HDI-Gerling America Insurance Company, successor in interest to Gerling America Insurance Company, is an Illinois corporation with its principal place of business in Chicago, Illinois. At the time the insurance policy in question was issued, Gerling America Insurance Company was a New York corporation authorized to write insurance in the State of Georgia. Effective June 23, 2009, HDI-Gerling America Insurance Company merged with Gerling America Insurance Company with HDI-Gerling America Insurance Company as the surviving company.

4.  Morrison Homes, now known as Taylor Morrison Services, Inc., is a Delaware corporation with its principal place of business in Arizona. The insurance policy at issue was issued to Morrison Homes in Roswell, Georgia and, thus, Morrison Homes transacted business in this state.

## Jurisdiction and Venue

5. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332 because HDI-Gerling America Insurance Company, successor in interest to Gerling America Insurance Company (hereafter "H-G America") and Morrison Homes are citizens of different states and the amount in controversy exceeds $75,000.00.

6. At issue in this case are H-G America's defense and indemnity obligations to Morrison Homes, if any, with respect to the *Rosa* Litigation, and these obligations could include an indemnity payment for a settlement or judgment against Morrison Homes in the *Rosa* Litigation, plus H-G America's equitable share of defense costs for the *Rosa* Litigation.

7. This matter exceeds the sum or value of $75,000.00, exclusive of interest and costs.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because the events and/or omissions giving rise to this litigation occurred in this judicial district.

9. Morrison Homes has a registered agent in Georgia, National Registered Agents, Inc., at 3675 Crestwood Parkway, Suite 350, Duluth, Georgia 30096. The exercise of personal jurisdiction over Morrison Homes is proper

generally and/or specifically, directly and/or pursuant to the Georgia Long Arm Statute, O.C.G.A. § 9-10-91.

## The Underlying Action

10. The underlying *Rosa* Litigation was commenced on our about July 13, 2005, when the plaintiffs in the *Rosa* Litigation filed a Class Action Complaint for Damages in Stanislaus County Superior Court in the State of California, with causes of action for strict liability, negligence, concealment, intentional misrepresentation, negligent misrepresentation, breach of express warranty, nuisance and Unfair Business Practices under California Business and Professions Code § 17200, *et seq*.

11. On or about April 26, 2006, the plaintiffs in the *Rosa* Litigation (the "*Rosa* plaintiffs") filed a First Amended Class Action Complaint, pleading causes of action for concealment, intentional misrepresentation, negligent misrepresentation, breach of express warranty, breach of implied warranty, violations of California Business & Professions Code, § 17500, and violations of California Business & Professions Code, § 17200. (Ex. A).

12. Morrison Homes has filed cross-complaints against G&G Construction and Ivan Nightengale Construction, two concrete subcontractors who worked on the development.

4

13. The Superior Court of California issued an Order dated April 30, 2009, granting the *Rosa* plaintiffs' Motion for Class Certification for original homebuyers in Eureka, Maravilla and Heirloom subdivisions in Salida, California for the *Rosa* plaintiffs' claims of breach of implied warranty, breach of express warranty, concealment, violation of California Business & Professions Code, § 17200 and violation of Business & Professions Code, § 17500. *Rosa v. Morrison Homes, Inc., et al.*, (2009 WL 1226997 [Cal. Superior], April 30, 2009). The Superior Court of California certified a class of all subsequent homebuyers (who purchased from another homeowner homes that were constructed and marketed by Morrison Homes) in the Eureka, Maravilla and Heirloom subdivisions in Salida, California, with regard to the *Rosa* plaintiffs' claims for breach of express warranty, concealment, violation of California Business & Professions Code § 17200, and violation of California Business & Professions Code § 17500. *Id.*

14. Morrison Homes filed a writ of appeal with the California Court of Appeal, which was denied on or about July 31, 2009.

15. The *Rosa* plaintiffs' claims against Morrison Homes in the *Rosa* Litigation arise out of the *Rosa* plaintiffs' contention that their respective single-family homes were not designed and constructed in a reasonable and workmanlike manner.

16. The *Rosa* plaintiffs' claims additionally arise out of their contentions that Morrison Homes falsely warranted that the homes were free of defects and constructed in a reasonable and workmanlike manner.

17. The *Rosa* plaintiffs' concealment claim alleges that Morrison Homes intentionally and willfully failed to disclose that the foundation of the *Rosa* plaintiffs' homes were not built to code and were in a defective condition because they did not include a four-inch gravel barrier to absorb moisture. The *Rosa* plaintiffs further allege that Morrison Homes' concealment of facts was done in conscious disregard with malice, oppression and/or fraud, and that the *Rosa* plaintiffs are entitled to an award of punitive damages. (Ex. A, ¶¶ 41-44).

18. The *Rosa* plaintiffs' intentional misrepresentation claim alleges that Morrison Homes distributed to each homebuyer a "Little Purple Book" representing that the homes comply "with codes and requirements that are in effect for each individual area." (Ex. A, ¶ 47). The *Rosa* plaintiffs allege that they suffered damages as a result and that defendants acted with "oppression, fraud, and malice and with conscious disregard to Plaintiffs' right to their health and safety." (Ex. A, ¶¶ 47-54).

19. The *Rosa* plaintiffs' claim for negligent misrepresentation alleges that Morrison Homes made misrepresentations in the "Little Purple Book" to each

home purchaser, by representing that the properties being sold were free of defects and were constructed in a reasonable and workmanlike manner. (Ex. A, ¶ 57).

20. The *Rosa* plaintiffs' breach of express warranty claim alleges that Morrison Homes expressly warranted that the homes purchased by the *Rosa* plaintiffs complied with codes and requirements in effect for each individual area, but that these warranties and representations were false. (Ex. A, ¶¶ 64-68).

21. The *Rosa* plaintiffs' claim for breach of implied warranty alleges that Defendant impliedly warranted to the *Rosa* plaintiffs that their residences were "of merchantable quality and safe for the use of purpose for which they were intended," but that the houses were not of merchantable quality as warranted. (Ex. A, ¶¶ 71-72).

22. The *Rosa* plaintiffs' claim alleging violations of California Business & Professions Code § 17500 alleges that Morrison Homes made false and misleading representations and that they marketed, advertised and sold houses at issue by representing to the *Rosa* plaintiffs that the foundations were built to code even though they did not contain the required gravel layer. (Ex. A, ¶¶ 76-79). The *Rosa* plaintiffs claim that they are, therefore, entitled to restitution.

23. The *Rosa* plaintiffs' claim for violation of California Business & Professions Code § 17200 alleges that Morrison Homes' conduct in, among other

things, manufacturing, designing, engineering, fabricating, assembling, and constructing homes, was an unfair, unlawful and fraudulent business practice in violation of California Business & Professions Code § 17200. The *Rosa* plaintiffs further allege that Morrison Homes' concealment, intentional and negligent misrepresentation and breach of express and implied warranties constitute unfair, unlawful and fraudulent business practices, entitling the *Rosa* plaintiffs to restitution. (Ex. A, ¶¶ 82-84).

24. The *Rosa* plaintiffs additionally seek injunctive relief to prevent Morrison Homes from "taking advantage of homeowners."

### The Insurance Policy

25. Gerling America Insurance Company issued a commercial general liability policy to Morrison Homes, Policy No. GLP 80800134, for the policy period November 1, 1996 to November 1, 1997 (the "Gerling Policy"). (A true and correct copy of the Gerling Policy is attached hereto as Exhibit "B"). The Gerling Policy is an occurrence liability policy and was issued to Morrison Homes as the named Insured, and its Mailing Address is reflected on the Gerling Policy as 1080 Holcomb Bridge Road, Building 200 – Suite 210, Roswell, Georgia 30076.

26. On or about January 31, 2006, Gerling America Insurance Company sent a letter to Morrison Homes, through its counsel, reserving its right to deny

coverage pursuant to the Gerling Policy. A copy of this letter is attached as Exhibit "C." Gerling America Insurance Company specifically reserved its right to deny coverage for the claims in the *Rosa* Litigation pursuant to various policy provisions. H-G America is providing a defense to Morison Homes, subject to a reservation of rights.

27. Morrison Homes has not challenged or otherwise objected to the reservation of rights.

28. H-G America is only obligated to defend and indemnify its insured, Morrison Homes, if there is coverage under the Gerling Policy. The Policy provides, in pertinent part:

> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend any "suit" seeking those damages. . . .

(Ex. B, Commercial General Liability Coverage Form [CGLCF], p. 1 of 11).

29. The Gerling Policy only provides coverage for "bodily injury" or "property damage" caused by an "occurrence" as defined by the policy. The Gerling Policy provides, in pertinent part:

> **b.** This insurance applies to "bodily injury" and "property damage" only if:

> (1)  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and
>
> (2)  The "bodily injury" or "property damage" occurs during the policy period. . . .

(Ex. B, CGLCF, p. 1 of 11).

30. The Policy defines an "occurrence" as:

> "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

(Ex. B, CGLCF, p. 10 of 11).

31. The Policy defines "property damage" to mean:

> a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; . . .

(Ex. B, CGLCF, p. 10 of 11).

32. The Gerling Policy contains an exclusion for "Damage to Your Work" that provides in pertinent part:

> 2. **Exclusions**
>
> This insurance does not apply to:
>
> l. **Damage To Your Work**
>
> > "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

>       This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

33.     The Gerling Policy defines "Your Work" to mean:

>       **a.**  Work or operations performed by you or on your behalf; and
>
>       **b.**  Materials, parts or equipment furnished in connection with such work or operations.
>
>       "Your work" includes:
>
>       **a.**  Warranties or representations made at any time with respect to the fitness, quality, durability or performance or use of "your work"; and
>
>       **b.**  The providing of or failure to provide warnings or instructions.

(Ex. B, CGLCF, p. 11 of 11).

34.     The Gerling Policy excludes coverage for certain types of property damage, including pursuant to the following pertinent provisions:

>       **2. Exclusions**
>
>       This insurance does not apply to:
>
>       . . .
>
>       **j. Damage To Property**
>
>       "Property Damage" to:  . . .
>
>       (2) Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

11

> . . .
>
> **(5)** That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or
>
> **(6)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.
>
> . . .
>
> Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".
>
> . . .

(Ex. B, CGLCF, p. 3 of 11).

35. The Gerling Policy additionally contains exclusions for **"Damage To Impaired Property Or Property Not Physically Injured"** (Exclusion m) and for **"Recall of Products, Work or Impaired Property"** (Exclusion n). These exclusions provide, in pertinent part:

> **m. Damage To Impaired Property Or Property Not Physically Injured**
>
> "Property damage" to "impaired property" or property that has not been physically injured, arising out of:
>
> **(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

      **(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

     This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**n.**   **Recall of Products, Work Or Impaired Property**

     Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

      **(1)** "Your product";

      **(2)** "Your work"; or

      **(3)** "Impaired property";

     if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

(Ex. B, CGLCF, p. 3 of 11).

36.     The Gerling Policy excludes coverage for "Expected or Intended Injury", providing in pertinent part:

    **2.**   **Exclusions**

      This insurance does not apply to:

      **a.**   **Expected or Intended Injury**

> "Bodily injury" or "property damage" expected or intended from the standpoint of the insured.
>
> . . .

(Ex. B, CGLCF, p. 1 of 11).

37. The Gerling Policy additionally contains a "Contractual Liability" exclusion that provides in pertinent part:

> **2. Exclusions**
>
> This insurance does not apply to:
>
> . . .
>
> **b. Contractual Liability**
>
> "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:
>
> . . .
>
> (1) That the insured would have in the absence of the contract or agreement; or
>
> . . .

38. The Gerling Policy also contains a "Professional Liability" exclusion, providing in pertinent part:

> This insurance does not apply to "bodily injury", "property damage", "personal injury", or "advertising injury" arising out of the rendering or failure to render any "professional services" by you or on your behalf. "Professional services" include by are not limited to the following:

      1.    The preparing, approving, or failure to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications; and

      2.    Supervisory, engineering, surveying or inspection services.

For the purposes of this exclusion, "Professional services" do not include supervisory, inspection or engineering services performed by you or on your behalf which are incidental to the construction process and relate only to the construction means and methods of "your work" or which are construction support or inspection activity incidental to the construction process of "your work".

39.    The Gerling Policy, subject to its terms and conditions, provides coverage only in excess of the insured's "Self-Insured Retention" of $100,000 per occurrence.

## COUNT ONE – DECLARATORY JUDGMENT
## <u>OCCURRENCE</u>

40.    H-G America repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

41.    H-G America is entitled to a declaration that it has no obligation under the Gerling Policy to defend or indemnify Morrison for any claims arising in or relating to the *Rosa* Litigation, without waiver and while expressly reserving rights with regard to each of the provisions in the Gerling Policy, for reasons that include those discussed below.

42. The damages alleged in the *Rosa* Litigation were not caused by an "occurrence" within the meaning of the Gerling Policy, and the Court should therefore declare there is no coverage under the Gerling Policy for the claims in the *Rosa* Litigation.

## COUNT TWO – DECLARATORY JUDGMENT
## BUSINESS RISK EXCLUSIONS

43. H-G America repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

44. The claims asserted against Morrison Homes in the *Rosa* Litigation do not seek covered "property damage", pursuant to the terms of the Gerling Policy, that occurred during the policy period.

45. The *Rosa* plaintiffs' claims against Morrison Homes each arise out of the *Rosa* plaintiffs' contentions that Morrison Homes improperly warranted or represented that the houses at issue were built to code and were free of defects.

46. The *Rosa* plaintiffs' claims additionally claim that the houses at issue were constructed with inherent defects.

47. The *Rosa* plaintiffs' claims fall within the definition of "Your Work" in the Gerling Policy.

48. The *Rosa* plaintiffs' claims in the *Rosa* Litigation fall within the Gerling Policy's "Damage to Your Work" exclusion (Exclusion l).

49. The Gerling Policy contains an exclusion for "Damage to Property" (Exclusion j), including specifically subparts (2), (5) and (6), which also apply to bar coverage for the claims in the *Rosa* Litigation.

50. Additional exclusions in the Gerling Policy relating to "property damage", including the exclusions for "Damage to Impaired Property or Property Not Physically Injured" (Exclusion m) and for "Recall of Products, Work or Impaired Property" (Exclusion n) apply to bar coverage.

51. H-G America therefore has no duty to defend and/or indemnify Morrison Homes with regard to the claims in the *Rosa* Litigation.

## COUNT THREE– DECLARATORY JUDGMENT
### EXPECTED OR INTENDED INJURY

52. H-G America repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

53. The *Rosa* plaintiffs' claim that Morrison Homes' alleged misconduct amounted to oppression, fraud or malice and that it engaged in intentional misconduct such that the *Rosa* plaintiffs are entitled to punitive damages.

54.	The Gerling Policy contains an exclusion for "Expected or Intended Injury" (Exclusion a) that applies to bar coverage for "property damage" expected or intended from the standpoint of the insured. (Ex. B, CGLCF, p. 1 of 11).

## COUNT FOUR – DECLARATORY JUDGMENT
## CONTRACTUAL LIABILITY EXCLUSION

55.	H-G America repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

56.	The Gerling Policy contains an exclusion for Contractual Liability (Exclusion b) that applies to bar coverage for the Rosa plaintiffs' claims.

## COUNT FIVE – DECLARATORY JUDGMENT
## PROFESSIONAL LIABILITY EXCLUSION

57.	H-G America repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

58.	The *Rosa* plaintiffs' claim for violation of California Business & Professions Code § 17200 claims that Morrison Homes' conduct in manufacturing, designing, engineering, fabricating, assembling, constructing, testing, examining, distributing and/or marketing mass-produced homes amounted to a violation of California Business & Professions Code § 17200.

59. The *Rosa* plaintiffs' claim for violation of the California Business & Professions Code § 17200 is barred on the additional grounds that it falls within the Gerling Policy's Professional Liability exclusion.

WHEREFORE, H-G America prays for judgment:

(1) Declaring that H-G America owes no coverage obligation to Morrison Homes, such that it owes no duty to defend or indemnify Morrison Homes with regard to the *Rosa* Litigation; and

(2) Awarding H-G America such other and further relief as the Court may deem just and proper.

Respectfully submitted this 28th day of August, 2009.

Fields, Howell, Athans & McLaughlin LLP

_____
Alissa C. Malone
Georgia Bar No. 172740
Ann T. Kirk
Georgia Bar No. 101047

191 Peachtree Street, NE
Suite 4600
Atlanta, GA 30303-1740
Telephone: (404) 214-1250
Facsimile: (404) 214-1251

*Attorneys for Plaintiff,*
*HDI-Gerling America American Insurance Company, successor in interest to Gerling America Insurance Company*